IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID LESTER GROHOSKE | § | |
| v. | § | CIVIL ACTION NO. 6:17cv218 |
| LONI FONTNER, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff David Grohoske, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Grohoske's amended complaint names as defendants TDCJ Executive Director Bryan Collier, Wardens Monroe, Berger, Meador, and Cockrell, Major Funai, and prison officials Officers Enge, Rendon, Sharp, Fontner, Monell, Love, and Sullivan, as well as a number of unnamed officers.

**I. Background**

In his amended complaint, Grohoske stated that he is being harmed, raped, tortured unconscious, and persecuted by an unknown sound source, speakers, radio, TV, and "ways of speaking known by TDCJ, inmates, staff, media, radios, TV's, stations, networks, known by people, government, laws, military, or other." He characterized himself as a hostage, not a prisoner, and claimed that he was sexually assaulted in 2013. When he returned from the Skyview psychiatric unit, Grohoske stated that he gave "immutable trait telepathy thought translation" to Warden

Meador, but Meador did not take action to assist him. Grohoske also stated that he has heard people defaming his name as well as his parents' names.

Grohoske indicated that he is being persecuted because he can rebuke homosexuals and warlocks. His pleadings, while not clear, appeared to state that he told Loni Fontner and a nurse that he knew he was being raped by someone; however, Grohoske states that he was told this was not happening. He said that people were jealous of his authority from God and listed a number of names, including people he said were from Falls County as well as entertainers such as Beyonce Knowles, Vin Diesel, Danny Devito, and Arnold Schwartzenegger, whom he apparently believed were among those broadcasting his name.

After review of the pleading, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as factually frivolous, in that the facts alleged are irrational and wholly incredible. *Flores v. U.S. Attorney General*, 434 F.App'x 387, 2011 WL 3209869 (5th Cir., July 27, 2011), *citing Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Grohoske has filed objections to the Report.

## II. The Plaintiff's Objections

Neither Grohoske's objections nor the memorandums of law he has filed mention the Magistrate Judge's Report, much less lodge any specific objections to any proposed findings or recommendations. Instead, these pleadings consist of rambling paragraphs replete with references to Bible passages and citations to inapplicable cases.

The Supreme Court has explained that a party which files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. §636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. This comports with Fed. R. Civ. P. 72(b)(2), which provides that within 14 days after being served with a copy of the Magistrate Judge's recommended disposition, a party may serve and file "specific written objections" to the proposed

findings and recommendations. Once this is done, Rule 72(b)(3) provides that the district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been "properly" objected to.

The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 2012 U.S. App. LEXIS 21988, 2012 WL 5195813 (5th Cir., October 22, 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Those portions of the Magistrate Judge's Report to which no objections were made have not been reviewed *de novo*, and the unobjected-to factual findings and legal conclusions accepted and adopted by the district court may not be reviewed on appeal except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 63) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**Mar 28, 2019**

_____
Ron Clark, Senior District Judge